UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER MIZELL, MARIA PAULDING, KATHLEEN PEAPPLES, VICTORIA ROSS, AND NATHAN SIMPSON, individually and on behalf of themselves and all others similarly situated,<br><br>                  Plaintiffs,<br><br>    v.<br><br>UNIVERSITY OF PITTSBURGH MEDICAL CENTER,<br><br>                  Defendant. | Case No.   1:24-cv-00016-SPB |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

      Plaintiffs Jennifer Mizell, Maria Paulding, Kathleen Peapples, Victoria Ross and Nathan Simpson respectfully submit this Notice of Supplemental Authority to bring to the Court's attention the recent Memorandum Opinion by Chief Judge Boasberg in the United States District Court for the District of Columbia in the matter of *Federal Trade Commission v. Meta Platforms, Inc.*, No. 20-3590, 2024 WL 4772423 (D.D.C. Nov. 13, 2024) (attached hereto as Exhibit A) ("*Meta*"). The *Meta* decision was issued after the close of briefing on the pending Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") filed by Defendant University of Pittsburgh Medical Center ("UPMC"). Oral argument before this Court on the Motion Dismiss is scheduled for January 28, 2025.

      In *Meta*, the court denied, in relevant part, the defendant's motion for summary judgment on the plaintiff's claims arising under Section 2 of the Sherman Act, 15 U.S.C. §2. Most relevant to the case here, the court held, among other things, that a plaintiff could make out a *prima facie*

case of anticompetitive conduct and monopolization by introducing evidence of the defendant's acquisitions of actual or nascent competitors, without requiring additional proof of price and output effects, and that such conduct makes out a showing of exclusionary conduct under Section 2 of the Sherman Act. *Meta*, 2024 WL 4772423 at *23-28. This holding is highly relevant to the parties' current dispute whether Plaintiffs may properly support Section 2 allegations, that UPMC possessed monopsony power and maintained it through anticompetitive conduct, at least in part by alleging facts regarding UPMC's acquisitions of competitors and expansion of operations through hospital consolidation.

At oral argument, Plaintiffs will be fully prepared to discuss *Meta* and its relevancy to the issues raised by UPMC's Motion to Dismiss.

Dated: November 27, 2024               Respectfully submitted,

*/s/ Joseph R. Saveri*

Joseph R. Saveri (*pro hac vice*)
Christopher K.L. Young (*pro hac vice*)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com

Austin B. Cohen, (PA Id. 78977)
Daniel C. Levin, (PA Id. 80013)
Keith J. Verrier, (PA Id. 86577)
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3997
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
acohen@lfsblaw.com
dlevin@lfsblaw.com
kverrier@lfsblaw.com

Craig Murphey
Steven E. Riley, Jr.
**PURCHASE, GEORGE & MURPHEY, P.C.**

        2525 West 26 Street, Suite 200
        Erie, PA 16506
        Telephone: (814) 833-7100
        Facsimile: (814) 835-0401
        craig@purchasegeorge.com
        triley@purchasegeorge.com

*Counsel for Plaintiffs*