**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**VICTORIA ROSS, *et al.***

**Plaintiffs,**

**v.**

**THE UNIVERSITY OF PITTSBURGH MEDICAL CENTER,**

**Defendant.**

**Civil Action No. 1:24-cv-00016-SPB**

**Electronically Filed**

**UPMC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY**

Judicial economy is not served by new briefing every time a Sherman Act decision is issued, particularly in light of the hundreds of pages of motion to dismiss and motion to strike briefing already filed. A notice of supplemental authority ("NOSA") is reserved for new[1] developments that are "pertinent and significant." *Atkins v. Capri*, 2014 WL 4930906, at *10 (D.N.J. Oct. 1, 2014). Plaintiffs' *Little* attachment (at ECF 68-1, Ex. A) is neither: It is an unpublished, thinly reasoned, and out-of-circuit order that does not involve a Sherman Act § 2 claim. 2025 WL 500893, at *3. It instead concerns a § 1 price-fixing conspiracy that, as pleaded, continued into the limitations period—not three decades of long-completed, out-of-time mergers. *Id*. Courts in the Western District decline to entertain additional submissions when already given "sufficient authority," when they do not concern relied-on cases, and when the new decision is "nonbinding on this Court." *See Ziencik v. Snap, Inc.*, 2021 WL 4076997, at *4 (W.D. Pa. Sept. 8, 2021) (Bissoon, J.). All that is true here. Moreover, it is "out-of-bounds" for Plaintiffs to argue, as they do here, through the guise of a NOSA. *See, e.g.*, *United States v. Khorozian*, 333 F.3d 498, 506 n.7 (3d Cir. 2003), *as amended* (Aug. 25, 2003); *Atkins*, 2014 WL 4930906, at *10 ("[A] Notice of Supplemental Authority should not advance new arguments . . . ."). The Court should deny Plaintiffs' motion for leave to file their NOSA.

If the Court considers *Little*, that case supports dismissal here. First, Plaintiffs fail to mention that the key decision in *Little*—issued earlier in 2024—dismissed the plaintiff's Sherman Act § 2 monopsony claims for failure to allege an adequate product market. 2024 WL 2305603, at *3 (N.D. Cal. May 21, 2024). The plaintiff asserted a "wholesale-input market" of certain kinds of crab purchasers without adequate allegations "persuasively articulat[ing] how [that market]

[1] Plaintiffs say they "could not have discovered *Little* through reasonable diligence." ECF 68 at 1. Yet attorneys from the Saveri Law Firm—which represents Plaintiffs here—also represented Little. They withdrew after argument on the dismissed § 2 claims. *See* ECF 57 in *Little*.

reflects commercial realities." *Id.* The *Little* court rejected the plaintiff's attempt to "stitch[] together portions of separate markets in an attempt to establish monopsony power." *Id.* As with Plaintiffs' claimed studies here, the pleadings also contained facts highlighting the *Little* plaintiff's failure to satisfy the rule of reasonable interchangeability. *See id.* at *3-4 ("[T]he pleaded commercial realities evidence that Little is melding two markets into one."). Similar market definition problems require dismissal of Plaintiffs' § 2 monopsony claims here. ECF 40 at 7-10.

Second, Plaintiffs' claims based on out-of-time mergers—and especially for damages reaching back *decades* beyond the four-year limitations period—should be rejected when the Court dismisses Plaintiffs' fraudulent concealment assertion. In arguing to the contrary, the NOSA (again inappropriately) cites dicta from a decade-old Seventh Circuit case, *BBL v. City of Angola*, 809 F.3d 317, 324-25 (7th Cir. 2015). But *BBL* did not preclude partial dismissals of claims, including for inactionable conduct or out-of-time allegations. *See, e.g.*, *Int'l Bus. Machines Corp. v. Priceline Grp. Inc.*, 2017 WL 1349175, at *6-7 (D. Del. Apr. 10, 2017), *adopted* 2017 WL 11549735 (D. Del. May 10, 2017) (collecting authority and explaining that *BBL*'s dicta does not prohibit partial dismissals of a single claim). And in the Third Circuit, it is not "premature" (NOSA at 2) to identify which allegations are actionable, and which are not, at the motion to dismiss stage and to limit the case accordingly. *See, e.g.*, *Dippolito v. United States*, 704 F. App'x 199, 203 (3d Cir. 2017) ("[T]he District Court properly dismissed, as time-barred, any claims premised on alleged retaliatory acts that occurred more than two years earlier."); *Washington v. Grace*, 455 F. App'x 166, 170 (3d Cir. 2011) ("[W]e observe that paragraphs one through 92 refer exclusively to activity before the two-year [limitations] cutoff. Therefore, none of those factual grounds can properly support a claim (with one exception, discussed *infra*)."); *Scrutchins v. Div. of Youth & Fam. Servs.*, 2005 WL 3588481, at *5 (D.N.J. Dec. 29, 2005) ("Defendants argue that Count One

should be partially dismissed . . . because several of Plaintiff's [alleged denials of promotions] are barred by [the] statute of limitations, and Plaintiff cannot avail herself of the continuing violation exception to extend the limitations period. This Court agrees." (footnotes omitted)). Once again, it is black letter law that the continuing violations doctrine would not allow damages from more than four years ago. *E.g.*, ECF 55 at 19. And whether out-of-time mergers can serve as a basis for these Plaintiffs' claims is, unlike the continuing conduct in *Little*, squarely presented by the motion to dismiss.

As to class claims, Plaintiffs fail to note that *Little* did not adjudicate or consider a motion to strike class allegations. *See* 2025 WL 500893; ECF 189 in *Little* (omnibus motion to dismiss, no motion to strike). Overbreadth and lack of precision are reasons to strike a class definition now. *See* *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 515 (W.D. Pa. 2019) (Conti, J.) (class of "all defendants' employees from 2009 to the present is overbroad and lacks precision" where there is no basis for liability before 2011). Nothing in *Little* suggests otherwise.

Dated: February 28, 2025

Respectfully submitted,

/s/ *Rebekah Kcehowski*
Rebekah B. Kcehowski
(PA ID No. 90219)
Anderson T. Bailey (PA ID No. 206485)
Daniel P. Johnson (PA ID No. 335058)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: 412.391.3939
Fax: 412.394.7959
rbkcehowski@jonesday.com
atbailey@jonesday.com
dpjohnson@jonesday.com

David C. Kiernan (admitted *pro hac vice*)
JONES DAY
555 California St., 26th Fl.
San Francisco, CA 94104
Telephone: 415.626.3939
Fax: 415.875.5700
dkiernan@jonesday.com

Peter Schwingler (admitted *pro hac vice*)
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Telephone: 612.217.8866
Fax: 844.345.3178
pschwingler@jonesday.com

*Counsel for Defendant UPMC*

**CERTIFICATE OF SERVICE**

I hereby certify that UPMC's Opposition to Plaintiffs' Motion for Leave to Submit Supplemental Authority was filed and served on counsel of record via the United States District Court for the Western District of Pennsylvania's CM/ECF system.

/s/ *Rebekah Kcehowski*
Rebekah B. Kcehowski
(PA ID No. 90219)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: 412.391.3939
Fax: 412.394.7959
rbkcehowski@jonesday.com