IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA ROSS, *et al.* <br><br> Plaintiffs, <br> v. <br><br> THE UNIVERSITY OF PITTSBURGH MEDICAL CENTER, <br><br> Defendant. | Civil Action No. 1:24-cv-00016-SPB <br><br> Electronically Filed |

# UPMC'S OPPOSITION TO PLAINTIFFS' MOTION
# FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY

The Court should deny Plaintiffs' motion for leave to file *Blythe v. NCAA*, 2026 WL 483345 (D. Nev. Feb. 20, 2026) as supplemental authority.  This is yet another attempt to bolster their defective opposition to UPMC's motion to dismiss.  As with their previous attempts, Plaintiffs' request fails to meet the standard for "new developments that are 'pertinent and significant.'"  ECF 69, at 2 (UPMC Opp. to Supp. Auth.) (quoting *Atkins v. Capri*, 2014 WL 4930906, at *10 (D.N.J. Oct. 1, 2014)).  First, *Blythe* does not reflect a new development—it is simply the latest entry in a line of cases holding that the market for the labor of elite athletes is that of their elite sport.  2026 WL 483345, at *3 (citing cases dating back to 2021).  Second, *Blythe* is not pertinent to the market at issue here—it defines the market for Division I baseball players, not for healthcare workers, and did so at the preliminary injunction stage.  *Id*.  Third, *Blythe* is not significant—after repeating the rule from *American Express*, *Blythe* follows a line of cases finding a relevant market for NCAA Division I college athletes.  *Id*. (citing *Ohio v. Am. Express Co.*, 585 U.S. 529, 542-543 (2018)).  Notably, the case is nonbinding, a result of an expedited proceeding, and already on appeal.  *See Southern Oregon Barter Fair v. Jackson County, Oregon*, 372 F. 3d 1128, 1136 (9th Cir. 2004) ("decisions on preliminary injunctions are just that—preliminary—and must often be made hastily and on less than a full record"); *Blythe v. NCAA*, No. 26-1106 (9th Cir. Feb. 25, 2026).

As UPMC previously explained, "[j]udicial economy is not served by new briefing every time a Sherman Act decision is issued, particularly in light of the hundreds of pages of motion to dismiss and motion to strike briefing already filed."  ECF 69, at 2.  Indeed, UPMC has evaluated far more pertinent but nonbinding authorities, issued at the motion to dismiss stage, that reinforce the market-definition problems with Plaintiffs' allegations.  *See, e.g.*, *Goldfinch Lab'y, P.C. v. Iowa Pathology Assocs., P.C.*, 2026 WL 494121, at *3 (8th Cir. Feb. 23, 2026) (affirming

dismissal with prejudice on geographic-market grounds where complaint "fail[ed] to explain why the area of effective competition for pathology and dermatopathology services is limited to central Iowa" with well-pleaded facts); *Rx Sols., Inc. v. Caremark, L.L.C.*, 164 F.4th 436, 442-43 (5th Cir. 2026) (affirming dismissal of complaint, on product- and geographic-market grounds, containing "no allegations regarding reasonable interchangeability or cross-elasticity of demand" and "no allegations supporting [the] geographic market, beyond a generic assertion that the proposed geographic market is where [defendants' businesses] operate"); *Amigo Shuttle Inc. v. Port Auth. of New York & New Jersey*, 2025 WL 2618862, at *3 (2d Cir. Sept. 11, 2025) (affirming dismissal with prejudice for, *inter alia*, failure to define plausible product market where the complaint failed to "show why the shuttle-bus companies used by flight crews are a defined product market"); *Ass'n of Surgical Assistants v. Nat'l Bd. of Surgical Tech. & Surgical Assisting*, 127 F.4th 178, 188 (10th Cir. 2025) (affirming dismissal of complaint on product-market grounds, where "[c]omplaint ma[de] no reference to the rule of reasonable interchangeability or cross-price elasticity of demand between the[] alternatives" identified by defendants); *Brandywine Hosp., LLC, v. CVS Health Corp.*, 2026 WL 607526, at *10-11 (E.D. Pa. Mar. 3, 2026) (dismissing on both product- and geographic-market grounds for failure to account for substitutes in market definition and improperly "focus[ing] only on the seller's operations" to define a geographic market); *PhantomALERT v. Apple, Inc.*, 762 F. Supp. 3d 8, 22-23 (D.D.C. 2025) (dismissing and holding that proposed amended complaint would be futile on product-market grounds where amended complaint "failed to explain why [alternatives] are not substitutable" and on geographic-market grounds for failure of the amended complaint to plausibly explain the asserted geographic limits). Serial submission of every such decision, on top of the already extensive briefing in this case, would mean briefing would never end.

In any event, were the Court to consider *Blythe*, it only reinforces Plaintiffs' relevant market pleading deficiencies. In *Blythe*, the district court held the plaintiff's market definition sufficient because Blythe had established that "no other employer offer[ed] the unique athletic, academic, and financial benefits of a Division I collegiate program." 2026 WL 483345, at *3. That evidence allowed the court to conclude that "no other employer offer[ed] the unique athletic, academic, and financial benefits of a Division I collegiate program," meaning that the plaintiff had defined a relevant market. *Id*. By contrast—and contrary to the assertions in Plaintiffs' motion—*nowhere* does the Complaint allege anything to show that non-hospital employment "does not offer the same financial and opportunity benefits" as in-hospital employment, or that "hospital employment [is] the only practical outlet" for the labor of healthcare workers. ECF 73, at 3 (Pls.' Mot.); *see* ECF 40, at 15-16 (UPMC's MTD Opening Brief).

The result is that Plaintiffs have failed to rule out—as they must to state a plausible product-market definition—alternative job opportunities for the orderlies, nurses, and other employees whose labor makes up Plaintiffs' proposed in-hospital product market. ECF 55, at 9-10 (UPMC's MTD Reply Brief). In other words, the *Blythe* plaintiff alleged and proved to the court that elite college baseball players are uniquely valued on elite college baseball teams. But the talents of healthcare workers are also valued outside hospitals, including in skilled nursing facilities, in nursing homes, and outpatient surgical centers. Plaintiffs have offered no allegations to plausibly rule out these and other alternative employers, and thus they have failed to define their relevant market. ECF 40, at 15-16; ECF 55, at 9-10.

Dated: March 9, 2026

David C. Kiernan (admitted *pro hac vice*)
JONES DAY
555 California St., 26th Fl.
San Francisco, CA 94104
Telephone: 415.626.3939
Fax: 415.875.5700
dkiernan@jonesday.com

Peter Schwingler (admitted *pro hac vice*)
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Telephone: 612.217.8866
Fax: 844.345.3178
pschwingler@jonesday.com

Respectfully submitted,

/s/ *Rebekah B. Kcehowski*
Rebekah B. Kcehowski
(PA ID No. 90219)
Anderson T. Bailey (PA ID No. 206485)
Daniel P. Johnson (PA ID No. 335058)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: 412.391.3939
Fax: 412.394.7959
rbkcehowski@jonesday.com
atbailey@jonesday.com
dpjohnson@jonesday.com

*Counsel for Defendant UPMC*

**CERTIFICATE OF SERVICE**

I hereby certify that UPMC's Opposition to Plaintiffs' Motion for Leave to Submit Supplemental Authority was filed and served on counsel of record via the United States District Court for the Western District of Pennsylvania's CM/ECF system.

/s/ *Rebekah Kcehowski*
Rebekah B. Kcehowski
(PA ID No. 90219)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: 412.391.3939
Fax: 412.394.7959
rbkcehowski@jonesday.com