**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VICTORIA ROSS, *et al.*** <br><br> **Plaintiffs,** <br> **v.** <br><br> **THE UNIVERSITY OF PITTSBURGH MEDICAL CENTER,** <br><br> **Defendant.** | **Civil Action No. 1:24-cv-00016-SPB** <br><br> **Electronically Filed** |

**UPMC'S OPPOSITION TO PLAINTIFFS' MOTION FOR A STATUS CONFERENCE**

Plaintiffs ask the Court to deviate from its usual practice and chambers procedures by ordering a Rule 26(f) report and an initial scheduling conference *before* UPMC files its answer. *See* Practices and Procedures of Judge Baxter at 7 ("[*A*]*fter the filing of an Answer* by the defendant, Judge Baxter will issue an order setting the date of the initial scheduling conference" and "the parties shall … file a [Rule 26(f)] report" (emphasis added)); *see also* LCvR 16.1(A)(2) ("The Court may defer the initial scheduling conference if a motion that would dispose of all the claims … is pending."). Plaintiffs offer no reason to depart from the Court's orderly procedures. UPMC's pending motion to dismiss would resolve this action in full. And if not, the Court's ruling—together with UPMC's answer—will shape the discovery relevant to allegations that currently sprawl over five states, three decades, disparate forms of alleged misconduct, and an ill-defined market. UPMC has already confirmed in writing that it is discharging "its obligation to preserve potentially relevant evidence" (Mot. 2)—and Plaintiffs have never identified a single specific concern. *See* Ex. A at 2-3. Nor is discovery a device for Plaintiffs to "substantiate" (Mot. 3) allegations they were required to investigate before filing. Plaintiffs' motion should be denied.

***First***, an early scheduling conference and a Rule 26(f) report before the filing of an answer are likely to waste the parties' and the Court's resources. The Court's practice of requiring an

answer first reflects the reality that a conference held while a case-dispositive motion is pending may be entirely useless. *See Michael Conway, Proprietor EHT Tavern, LLC v. Davis*, No. 1:16-cv-04511-NLH-AMD, 2017 WL 3151242, at *2 n.3 (D.N.J. July 25, 2017) (rejecting an early motion to compel discovery, and explaining the usual process by which dispositive motions are resolved, an answer is then filed, and an ensuing scheduling conference is held under D.N.J.'s similar rule); *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 449 (D.N.J. 2014) ("den[ying] Defendants' motion to the extent it seeks a pre-answer initial scheduling conference" consistent with the goal of "discourag[ing] 'wasteful pretrial activities'"); *see also, e.g.*, *Justice v. Ally Fin., Inc.*, No. 24-11936, 2025 WL 3274245, at *3 (E.D. Mich. Nov. 24, 2025) (rejecting renewed motion for a Rule 16 scheduling conference due to pending motion to dismiss); *Est. of Borkovec by & through Bolt v. Turn Key Health Clinics, LLC*, No. 24-CV-02679-PAB-SBP, 2025 WL 1735595, at *2 (D. Colo. June 23, 2025) (collecting decisions that deferred scheduling orders until after resolution of dispositive motions); *Hosp. Assocs. of Lancaster, L.P. v. Lancaster Land Dev., L.P.*, No. 07-CV-3955, 2009 WL 10737076, at *1 n.2 (E.D. Pa. Mar. 31, 2009) (deferring initial scheduling conference until an answer was filed and "[t]he pleadings closed"). UPMC's pending Rule 12(b)(6) motion, if granted, would dispose of this action in its entirety and render any interim conference or report wasteful.

***Second***, even if Plaintiffs' complaint survives UPMC's motion to dismiss—in one form or another—the guidance given by the Court's opinion and the contents of UPMC's answer will facilitate a productive conference and Rule 26(f) report. *See Gilead Scis., Inc. v. Meritain Health, Inc.*, No. 1:24-CV-03566-JRR, 2026 WL 271421, at *1 (D. Md. Feb. 3, 2026) (declining to issue a scheduling order and explaining that "a court's ruling on a motion to dismiss may assist in defining the contours of discovery. The Court presently does not see any persuasive reason to

deviate from this path."). The Court's analysis of several threshold issues—including the scope of the putative class, the product and geographic markets, and the timeliness (or lack thereof) of Plaintiffs' claims—will meaningfully shape the "timing" and "extent" of permissible discovery, as well as the other items to be discussed at the initial scheduling conference. *See* Fed. R. Civ. P. 16(b)(3); LCvR 16.1(B)(1)-(2). Moreover, the Court's own ability to manage discovery effectively depends on that same clarity. In the event of discovery disputes—with the case only partially pleaded and threshold issues unresolved—the Court would be left to decide discovery questions in advance of, and without the guidance of, its own legal rulings and the parties' future pleadings. There is no reason to put the Court in that position simply because Plaintiffs wish to bypass the orderly resolution of threshold issues. It makes no sense, for instance, for Plaintiffs to begin discovery "regarding Defendant's exclusionary and/or restrictive employment practices" (Mot. 3) when it is not yet apparent which allegations of supposedly exclusionary conduct or restrictive employment practices, if any, will be a part of this case.

***Third***, Plaintiffs have offered no persuasive reason to deviate from the Court's normal procedures and insist on a scheduling conference and Rule 26(f) report *now*. Plaintiffs have cited a need to discuss UPMC's preservation obligations, "limited discovery" required to "allow Plaintiffs to substantiate their factual allegations," and unspecified "other matters" as the reasons for their request. Mot. 2-3. But those generic considerations are present in every case, and Plaintiffs identify nothing about this one that warrants departing from the Court's practice. If Plaintiffs had serious concerns about document preservation, they had ample time to raise them with UPMC and the Court before now.[1] UPMC understands its discovery obligations and has

[1] Plaintiffs have litigated extensively without once raising their newfound concerns—filing and then amending their complaint (ECF Nos. 1, 31), opposing each of UPMC's motions to dismiss and strike (ECF Nos. 43, 45), participating in a hearing and additional merits briefing (ECF Nos. 63, 65), and repeatedly seeking leave to file supplemental authorities (ECF Nos. 58, 68, 73).

taken reasonable steps to preserve materials that may be relevant to this action.[2] And Plaintiffs' assertion that discovery is needed to "substantiate their factual allegations" (Mot. 3) is entirely backward: The time for Plaintiffs to "substantiate" their allegations was before they filed their complaint. *See Scott v. Vantage Corp.*, 64 F.4th 462, 467, 473 (3d Cir. 2023) ("*before* filing" plaintiffs must conduct a reasonable inquiry to verify factual support for their claims (emphasis added)); Fed. R. Civ. P. 11(b)(3). An unsubstantiated complaint is not a gateway to discovery.

Should Plaintiffs' complaint proceed, the tried-and-true process established by this Court (and not an ad hoc, expedited procedure) is the orderly path forward. For the foregoing reasons, UPMC respectfully requests that the Court deny Plaintiffs' motion and set an initial scheduling conference in the usual course—after the Court resolves UPMC's pending motion to dismiss and UPMC files any answer.

Dated: August 31, 2026

Respectfully submitted,

/s/ *Rebekah B. Kcehowski*

Rebekah B. Kcehowski (PA ID No. 90219)
Anderson T. Bailey (PA ID No. 206485)
Daniel P. Johnson (PA ID No. 335058)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: 412.391.3939
Fax: 412.394.7959
rbkcehowski@jonesday.com
atbailey@jonesday.com
dpjohnson@jonesday.com

David C. Kiernan (admitted *pro hac vice*)
JONES DAY
555 California St., 26th Fl.
San Francisco, CA 94104
Telephone: 415.626.3939
Fax: 415.875.5700
dkiernan@jonesday.com

Peter Schwingler (admitted *pro hac vice*)
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Telephone: 612.217.8866
Fax: 844.345.3178
pschwingler@jonesday.com

*Counsel for Defendant UPMC*

[2] UPMC has already informed Plaintiffs that it has "taken reasonable steps to preserve" and expressly offered to discuss that issue with Plaintiffs without court intervention. Ex. A at 2 (Aug. 18, 2026 email from R. Kcehowski to A. Cohen). In response, Plaintiffs did not mention any specific document preservation concerns and declined to meet. Ex. A at 1-2 (Aug. 20, 2026 email from A. Cohen to R. Kcehowski).

**CERTIFICATE OF SERVICE**

I hereby certify that UPMC's Opposition to Plaintiffs' Motion for a Status Conference was filed and served on counsel of record via the United States District Court for the Western District of Pennsylvania's CM/ECF system.

/s/ *Rebekah B. Kcehowski*
Rebekah B. Kcehowski (PA ID No. 90219)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: 412.391.3939
Fax: 412.394.7959
rbkcehowski@jonesday.com